### DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY ET AL., PROSECUTORS, v. THE CITY OF SUMMIT ET AL.

Argued November 10, 1908—Decided February 23, 1909.

Under the provisions of the act of 1889 (*Pamph. L., p.* 378) an assessment for damages to the owner of a building or buildings standing and erected upon any street the grade whereof has been changed by municipal action, must be limited to the damages resulting to the buildings, and an award by commissioners based upon the depreciation in value of the entire property is illegal.

On *certiorari* to review an assessment of commissioners for damages for a change of grade.

Before Justices REED, BERGEN and MINTURN.

For the prosecutors, *McCarter & English.*

For the defendants, *Guild, Lum & Tamblyn.*

The opinion of the court was delivered by

MINTURN, J. The estate of William Risk, deceased, was seized of a tract of land in Summit consisting of about three hundred and seventy-six feet on Kent place by one hundred and thirty-five feet frontage on Morris avenue, on which stood two buildings, a dwelling-house and a barn, with entrances to both from Kent place boulevard. Under enabling legislation the city, by ordinance, elevated Morris avenue, as part of a general scheme for the rearrangement of the tracks of the prosecutor, so that the tracks might be depressed or elevated as local conditions might seem to require. In pursuance of this project Morris avenue was elevated so that access to the barn referred to was prevented from that street, and the owner, as a result, was obliged to seek entrance to that building at a point upon Kent place, about one hundred feet distant from the barn. The damages incident to the change of grade thus necessitated were made the basis of a claim by the executors of the estate, who are parties defendant to this writ, under the provisions of the act of 1889. *Pamph. L., p.* 378.

This act authorizes any city which has power to change the grade of any street or part of a street "upon which any house or other building stands or is erected through its proper municipal officers to make or cause to be made the proper award for damages, if any, ensuing or arising to the owner or owners of any such house or building."

The commissioners of assessment, appointed by the common council of Summit, after a public hearing and testimony taken and a view of the premises, made an award of $1,200 to the property owners for the damage suffered, and upon

this award a writ of *certiorari* was allowed by the Chief Justice, which presents for the consideration of this court—*first,* the right of the petitioners to claim any damage under the provisions of the act of 1889, and *secondly,* the question whether the damages allowed by the commissioners were within the purview of the provisions of that act.

Prior to the enactment of the act of 1889 there was no power vested in any municipality under which an assessment for damages resulting from a change of grade of a street could be made, and the damage, if it existed, was *damnum absque injuria. Transportation Company* v. *Chicago, 99 U. S.* 635; *Clark* v. *Elizabeth, 32 Vroom* 565.

It was held, however, by this court, under the power conferred by section 70 of the Road act, that an action upon the case was maintainable by an owner specially damaged. *Vorrath* v. *Hoboken, 20 Vroom* 285; *Stewart* v. *Hoboken, 28 Id.* 330.

The act of 1889, therefore, was intended as an enabling act, and limits the right to an award of damages by the municipal authorities to the owner of land "upon which any house or other building stands," from which language we conceive that the legislative intent was to limit the damage to the building or buildings fronting upon or possessing an entrance upon the street the grade of which was raised.

In the case at bar the dwelling-house fronted upon Kent place and not upon Morris avenue, and stood at least three hundred feet away from that avenue, and we are therefore unable to accede to the proposition that the dwelling was within the purview of the language of the act.

Eliminating the dwelling from the estimate of damages, it is clear that the assessment cannot stand as representative of damages sustained to the barn. It is clear from the testimony that this element of the petitioners' claim was not seriously considered in the estimate of the commissioners or of the witnesses, and it is likewise clear that the conception of damages entertained by the commissioners was based upon the damage to the dwelling and not to the barn. Aside from these considerations, the barn cannot be said to be a building

having its frontage upon Morris avenue, for the testimony clearly indicates that access to it has been obtained from Kent place as an outhouse, or part of the curtilage appurtenant to the dwelling-house, and therefore it cannot be said within the intendment of this legislation to be a building "standing or erected upon" Morris avenue. *Erisman* v. *Freeholders, 35 Vroom* 516.

It is quite manifest, also, from the testimony, that the award in question was made, not upon the damage resulting to the buildings from the change of grade, in accordance with the limitations of the act *sub judice,* but upon an estimate of damages resulting to the land and the entire property of the petitioners, and in this respect we conceive that the assessment was based upon an erroneous principle. *Newark* v. *Sayre,* 12 *Vroom* 158; *Davis* v. *Newark,* 25 *Id.* 144; *Manufacturers' Land Co.* v. *Camden,* 44 *Id.* 263.

The assessment should be set aside.